No. 13,643.

LINDER *v.* MIDLAND OIL REFINING COMPANY.
(40 P. [2d] 253)

Decided January 7, 1935.

Mr. CHARLES E. COMPTON, for plaintiff in error.

Mr. ISAAC MELLMAN, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THE Midland Oil Refining Company sued Richard Linder in a justice of the peace court to recover a balance claimed to be due on account. Linder filed a counterclaim. After some fourteen continuances, the case was tried, resulting in a judgment for $35 in favor of the company. On appeal, the county court rendered judgment for $58.84 in favor of the company. Linder seeks a reversal of that judgment.

On November 12, 1932, the company wrote a letter to Linder. It was headed "Temporary Working Agreement." It stated: "You are to act as a tank wagon driver and agent for Midland on the following basis:" Linder was to receive a certain commission on gasoline sold and a salary of $15 per week in cash and $10 per week in stock. Linder went to work under that agreement. The company claims that on November 30 of that year a new arrangement was made, whereby instead of receiving a salary, Linder was to purchase gasoline at a stated price and "distribute same to his trade at retail price." Linder continued to work until January 10, 1933, when he quit.

The principal question—the decisive one—is whether the new arrangement claimed to have been made on November 30 was effective. If it was, Linder was not entitled to the salary claimed by him in his counterclaim and the judgment should be affirmed; if it was not, he was entitled to that salary and the judgment should be reversed. The evidence on both sides was far from satisfactory. The one who, if anyone, made the arrangement

did not testify. The one who testified to the arrangement testified from hearsay. Nevertheless, there were facts and circumstances justifying the trial court's finding that such an arrangement was made on that date. The original agreement was designated, and was in fact, a mere temporary agreement, was for no definite time and was terminable at the will of either party at any time. The assistant auditor of the company told Linder of the change made by the company, and after November 30 the gasoline obtained by him was billed to him as purchaser, as provided by the arrangement of November 30. Linder continued to act without making any objection. Indeed, it was not until the company brought suit against him (February 1, 1934) and he counterclaimed, that Linder claimed that he was entitled to a salary between November 30, 1932, and January 10, 1933. In answer to the question ''You never made any demand for any wages, did you?'' he answered ''No, sir.''

■ Linder contends that he never entered into the new arrangement, and that as it takes two to make or modify a contract, the so-called ''arrangement'' of November 30 was not binding on him. True, there is no evidence that either in writing or orally he formally accepted the change. But the original agreement was terminable at the will of either party; the company terminated it on November 30, 1932, and offered a different arrangement, and by consent Linder accepted the offer. An offer and an assent thereto manifested by act or conduct constitutes a contract. *Michigan Stove Co. v. Pueblo Hardware Co.*, 51 Colo. 160, 116 Pac. 340; Restatement of Law of Contracts, §21.

The other contentions of Linder do not deserve serious consideration.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Holland concur.